NO. 07-07-0460-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 7, 2007
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _______________________________

IN RE GERNORRIS WAYNE DIXON
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Relator, Gernorris Wayne Dixon, filed his Application for Writ of Mandamus on
November 9, 2007 contending that the trial court denied him the opportunity to present
evidence of allegations of prosecutorial misconduct and ineffective assistance of counsel. 
Further, Dixon contends that the trial court failed to issue a finding of facts and conclusions
of law in the denial of his âFirst Writ of Habeas Corpus.â However, Dixon did not include
in an appendix to his application a âcertified or sworn copy of any order complained of, or
any other document showing the matter complained of.â Tex. R. App. P. 52.3(j)(A). 
Therefore, it is unknown whether the trial court was aware of Dixonâs requests. 
Â Â Â Â Â Â Â Â Â Â Additionally, Dixon did not pay the filing fee required under Rule 5 of the Texas
Rules of Appellate Procedure. By letter from this Court dated November 13, 2007, we
advised Dixon that the âfiling fee in the amount of $125.00 did not accompany the
captioned original proceeding. Unless the filing fee is paid by Monday, November 26,
2007, this proceeding will be subject to dismissal.â Tex. R. App. P. 5. Dixon has not paid
the fee as directed nor has he filed an affidavit of indigence. See Tex. R. App. P. 20.1. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we deny Dixonâs petition. See In re Chavez, 62 S.W.3d 225
(Tex.App.âAmarillo 2001, orig. proceeding).
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



during
the initial forensic interview and equivocated on many answers.

 The State asked for a recess and moved to show a videotape of the forensic
interview to illustrate D.A.'s prior inconsistent statements. After entertaining numerous
objections by defense counsel, the trial court ruled that any statements denied by D.A.
could be impeached by inconsistent statements made on the videotape. Otherwise, the
trial court sustained defense counsel's objections and gave the jury a limiting instruction
that the videotape was for impeachment only and could not be used as proof of the
elements of the offense.

 D.A.'s credibility was impeached at trial. Appellant maintains that D.A.'s prior
inconsistent and unsworn statements were the only evidence supporting the accusations
and without them, his conviction cannot stand. We disagree. 

 Appellant was indicted for intentionally or knowingly causing digital penetration of
D.A.'s sexual organ. SeeÂ Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (Vernon 2003). When
sufficiency of the evidence is challenged, we must first determine whether legally sufficient
evidence exists that would show beyond a reasonable doubt that the defendant committed
each element of the offense. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). 
In so doing, we examine the verdict, after viewing the evidence in the light most favorable
to the prosecution, to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d
608, 612-13 (Tex.Cr.App. 2001). This standard is the same in both direct and circumstantial
evidence cases. Burden, 55 S.W.3d at 612-13. Substantive evidence with some probative
value, even if erroneously admitted, is, by itself, sufficient to support the jury's verdict. 
Rodriquez, 819 S.W.2d at 873-74. 

 After conducting a legal sufficiency review under Jackson, we must determine, after
considering all the evidence in a neutral light, whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Cr.App. 2004). It is the exclusive province of the jury to determine the credibility of
the witnesses and the weight to be given their testimony, and unless the record clearly
demonstrates a different result is appropriate, we must defer to the jury's determination. 
Johnson, 23 S.W.3d at 8. 

 D.A.'s mother testified that at first she believed her daughter had been molested by
appellant. According to the outcry statement, appellant pulled D.A.'s panties to the side
and touched and rubbed her private parts. Evidence of digital penetration and other
details, however, was not allowed as part of the original outcry statement. Thus, we must
look to other evidence to support appellant's conviction for aggravated sexual assault.

 The family physician testified that D.A. told him appellant had inserted his fingers
into her vagina. He determined that D.A.'s hymen was open about a centimeter, which
was unusual for someone her age. The nurse who performed the sexual assault exam
also testified that the condition of D.A.'s hymen was consistent with her allegations. There
was medical certainty of digital penetration over a period of time. No objections were made
to the testimony of either witness; however, an exception to the hearsay rule exists for
medical diagnosis or treatment. SeeÂ Tex. R. Evid. 803(4).

 D.A.'s mother testified that, although she loved her daughter, she knew she told lies. 
She also testified that at an early age she discovered D.A. masturbating and believed that
caused the damage to her hymen. The nurse, however, testified the damage could not
have been caused by masturbating, bicycling, or a fall.

 A counselor at the Crisis Center testified that according to his sexual inventory and
checklist for assessment, he did not suspect D.A. concocted the accusations. The director
at the Crisis Center testified that after D.A. recanted, she interviewed her again and found
her demeanor to be tense and her responses to be "monotone and robotic." 

 A psychologist, who was not allowed to offer an opinion on this particular case,
testified on motives for recanting. He explained that a child has a need to survive
regardless of the home environment. The credibility of an accusation increases when
spontaneous corrections are made during an interview rather than parroting or when sexual
details are given that are not age appropriate. Additionally, a jury can choose to disbelieve
recantation. See Chambers v. State, 805 S.W.2d 459, 461 (Tex.Cr.App. 1991) (en banc). 

 Regardless of D.A.'s impeachment, there is sufficient evidence to support
appellant's conviction. Issues one and two are overruled.

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice



Do not publish.